IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Marcia S. Krieger

Criminal Action No. 16-cr-00309-MSK
Civil Action No. 20-cv-02133-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSE ROSADO,

    Defendant.

## OPINION AND ORDER DENYING MOTION TO VACATE UNDER 28 U.S.C. § 2255

**THIS MATTER** comes before the Court pursuant to Mr. Rosado's Motion to Vacate Sentence **(# 44)** under 28 U.S.C. § 2255.[1]

In September 2016, Mr. Rosado was indicted **(# 11)** on one count of being a prohibited person in possession of a firearm under 18 U.S.C. § 922(g)(1). In March 2017, Mr. Rosado entered into a Plea Agreement **(# 28)**, agreeing to plead guilty to the charged crime. The Plea Agreement recited that, at the time of a search of Mr. Rosado's residence in September 2016, Mr. Rosado "acknowledged that, as a convicted felon, he was not permitted to possess the firearm." The Plea Agreement also contained a waiver of Mr. Rosado's right to collaterally attack his sentence, except in circumstances where an "explicitly retroactive change in the

---

[1] Pursuant to 28 U.S.C. § 2255(b), the Court has determined that the files and records of the case conclusively show that Mr. Rosado is entitled to no relief. Thus, the Court does not order the Government to file any response to Mr. Rosado's motion.

1

sentencing guidelines or sentencing statute" has occurred.  In June 2017, the Court accepted Mr. Rosado's guilty plea and sentenced him to a term of imprisonment of 67 months.

On June 21, 2019, the U.S. Supreme Court decided *Rehaif v. U.S.*, 139 S.Ct. 2191 (2019). construing the "knowingly" *mens rea* element of 18 U.S.C. § 922(g).  In *Rehaif*, the Court considered a situation in which an alien, in the United States on a student visa, was dismissed from his university.  Because he was no longer compliant with the terms of his visa, the dismissal rendered his continued presence in the U.S. unlawful, but there was a dispute as to whether Mr. Rehaif was aware of that fact.

Mr. Rehaif engaged in target practice at a firing range.  Prosecutors discovered his use of a firearm at the firing range and charged him with violating 18 U.S.C. § 922(g)(5)(A), which prohibits an alien who is "illegally or unlawfully in the United States" from possessing a firearm.  At trial, the court instructed the jury that the Government was not required to prove that Mr. Rehaif "knew that he was illegally or unlawfully in the United States."  Mr. Rehaif was convicted.  On appeal, the Supreme Court considered whether, in prosecution of charges arising from 18 U.S.C. § 922(g), "the Government must prove that a defendant knows of his status as a person barred from possessing a firearm."  Finding that a defendant's knowledge of his or her status as a prohibited person "is the crucial element separating innocent from lawful conduct," the Court concluded that in prosecutions under 18 U.S.C. § 922(g), the Government must prove "that [the defendant] knew he belonged to the relevant category of persons barred from possessing a firearm."  139 S.Ct. at 2194-2200.

Mr. Rosado filed the instant motion pursuant to 28 U.S.C. § 2255 on July 20, 2020, although the motion itself is dated July 12, 2020 and the Court adopts that earlier date by operation of the Prison Mailbox Rule.  Citing to the rule announced in *Rehaif*, Mr. Rosado

argues that "I did not know that I fell into one of the categories of persons to whom the offense applies," and therefore "lacked the knowledge to have knowingly violated 922(g)."

The Court finds that Mr. Rosado's motion is without merit for several reasons. First, it is untimely. 28 U.S.C. § 2255(f)(3) provides that a motion premised upon the recognition of right newly-recognized by the U.S. Supreme Court be filed within one year of the date on which the Supreme Court recognized that right.[2] *Rehaif* was issued on June 21, 2019, and this, Mr. Rosado was required to file any §2255 motion premised upon *Rehaif* by June 21, 2020. Because Mr. Rosado waited until July 12, 2020 to file his motion, his motion is untimely and denied for that reason.

Second, applying *Rehaif* to require the Government to prove that Mr. Rosado knew that he was a prohibited person under 18 U.S.C. § 922(g)(1) – that is, to prove that Mr. Rosado knew

---

[2] The right must also be one that has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). There is some dispute as to whether *Rehaif* meets that standard. Several Circuit Courts have concluded that *Rehaif* does not apply retroactively. *See e.g. Mata v. U.S* 969 F.3d 91, 93 (2d Cir. 2020) (*Rehaif* "resolved only a question of statutory interpretation and did not announce a rule of constitutional law (much less a new one, or one that the Supreme Court has made retroactive on collateral review)"; *In re Price*, 964 F.3d 1045, 1049 (11th Cir. 2020). The 10th Circuit has not conclusively addressed whether *Rehaif* should be given retroactive effect, and its mentions of the issue do not provide any clear guidance. *Compare U.S. v. Hisey,* _ F.4th _, 2021 WL 4163499 (10th Cir. Sep. 14, 2021) (Phillips, J. dissenting) ("Mr. Hisey correctly asserted [that] *Rehaif* announced a new rule [and] the government conceded that . . . *Rehaif* applies retroactively") *with U.S. v. Scuderi*, 842 Fed.Appx. 304, 305 (10th Cir. 2021) (mem.) ("*Rehaif* has not been made retroactive by the Supreme Court or any Court of Appeals").

An argument could be made that, rather than being untimely, Mr. Rosado's motion is actually premature, and Mr. Rosado must wait until the Supreme Court itself declares its rule to be retroactive before Mr. Rosado can seek relief under §2255(f). *See e.g. In re Sampson*, 954 F.3d 159, 161 n. 3 (3d Cir. 2020). Ultimately, the question of whether *Rehaif* applies retroactively or not does not change the outcome here – whether his motion is stale or premature (and regardless of whether his motion is excluded from his waiver of the right to bring a collateral attack), Mr. Rosado is not entitled to relief in any event. Thus, this Court does not opine on the broader question of *Rehaif*'s retroactivity.

that he was a person "who has been convicted . . . of a crime punishable by imprisonment for a term exceeding one year"[3] – the record reflects that Mr. Rosado conceded as much in the Plea Agreement. He expressly admitted that he told police officers searching his home that "as a convicted felon, he was not permitted to possess the firearm." This is a sufficient factual admission of Mr. Rosado's knowledge of his prohibited status to satisfy the Government's burden of proof even after *Rehaif*.

Accordingly, Mr. Rosado's Motion to Vacate **(# 44)** is **DENIED**. The Court **DENIES AS MOOT** Mr. Rosado's Letter Motion Re: Status **(# 45)** in light of this Opinion. The Clerk of the Court shall close the civil case that is associated with Mr. Rosado's motion.

Dated this 7th day of October, 2021.

**BY THE COURT:**

_/s/ Marcia S. Krieger_

Marcia S. Krieger
Senior United States District Judge

---

[3] Although Mr. Rosado argues in his motion that he "did not know" that he was such a person, the Presentence Investigation Report indicates that Mr. Rosado has, on several occasions, been sentenced to terms of imprisonment longer than one year. In 2010, he was sentenced to 14 months in the Florida Department of Corrections on a felony weapons offense. In 2014, he was sentenced to 366 days in Florida on a felony charge of driving without a license, and was simultaneously sentenced to 366 days on a controlled substance offense.